LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18ᵀᴴ FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

Hearing Date:  October 8, 2009
Hearing Time:  11:00 A.M.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE:

    SOUTH SIDE HOUSE LLC,

Chapter 11
Case No. 09-43576 (ESS)

**NOTICE OF HEARINGS ON
DEBTOR'S OBJECTIONS TO
CLAIM OF BANK OF
AMERICA, AS TRUSTEE**

                           Debtor.
-------------------------------------------------------------X

**S I R S :**

    **PLEASE TAKE NOTICE,** that on October 8 2009, at 11:00 a.m., there will be a Hearing before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge in her Courtroom, Room No. 3585, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, NY 11201 on the within Objections of the above Debtor to the claims of Bank of America.

    **PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief sought shall be in writing, served upon Leo Fox, Esq., 630 Third Avenue, 18th Floor, New York, New York 10017, together with proof of service thereof, in accordance with the Local Rules, so as to be actually received at least three business days prior to the Hearing, and on or prior to such date filed with the United States Bankruptcy Court electronically (with a hard copy delivered directly to Chambers).

Dated: New York, New York
August 12, 2009

Yours etc.,

/s/ Leo Fox

Leo Fox, Esq. (LF-1947)
Attorney for Debtor
630 Third Avenue
New York, New York  10017
(212) 867-9595

TO:

Valerie Millman, Esq.
Office of the United States Trustee
Eastern District of New York
271 Cadman Plaza East,Suite 4529
Brooklyn, NY 11201

Joseph Lubertazzi, Jr., Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

H:\Reception_mydocs\SouthSide\Notice of Presentment 8.11.09.wpd

Leo Fox, Esq,
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
IN RE:

        SOUTH SIDE HOUSE LLC.,

           Debtor.

-----------------------------------------------------X

TO:    THE HONORABLE ELIZABETH S. STONG,
       UNITED STATES BANKRUPTCY JUDGE:

Chapter 11 Reorganization
Case No. 09-43576

**DEBTOR'S OBJECTIONS TO CLAIM OF BANK OF AMERICA**

The above Debtor, by Leo Fox its attorney, in support of its application, respectfully represents:

## BACKGROUND

1.    On April 30, 2009, the above Debtor filed a voluntary petition under title 11, Chapter 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code"), and is presently a Debtor-in-Possession of its properties under § 1107 of the Bankruptcy Code. The Debtor is proposing a reinstatement plan under § 1124 of the Code.

2.    This Court has core jurisdiction within 28 U.S.C. 157 and 1334, as well as § 502 of the Bankruptcy Code and Rule 3007 of the Rules of Bankruptcy Procedure. Venue is proper. No Trustee or Examiner has been appointed in this case.

3.    The Bank of America (BOA or Creditors) has filed a claim in the above Chapter 11 case (Claim No. 1) in the amount of $36,833,639.68. (The claim attachment and Note are attached as Exhibit A). The claim is designated as fully secured although the Creditor has filed an Appraisal

reflecting a value of the Real Property in the amount of $25,500,000. The Note reflects that the loan continue, up to April 20, 2007 (see p. 2 Note) and thus, the loan may continue.

4.    The Debtor objects to such claim on the following grounds and on the law set forth below. The default interest of $688,750 should be expunged because of the fact that the claims are not authorized and are inequitable under the Bankruptcy Code, the claims have not been established to represent actual compensatory damages, BOA did not properly demand such interest, and based upon such other grounds as may be set forth at the hearings with respect to the Objection.

5.    The prepayment consideration of $5,954,395.00 should be expunged but it is not authorized and are inequitable under the Bankruptcy Code, the claims have not been established to represent actual compensatory damages, BOA did not properly demand such sums, the Debtor does not intend to prepay the loan and therefore, the sums are not due and based upon such other grounds as may be set forth at the hearings with respect to the objection.

6.    The Special Services fee of $290,000 should be exposed since it is lacking substantiation and are not authorized and are inequitable under the Bankruptcy Code, the claims have not been established to represent actual compensatory damages, BOA did not properly demand such sums, the Debtor does not intend to prepay the loan and therefore, the sums are not due and based upon such other grounds as may be set forth at the hearings with respect to the objection.

7.    The Special Servicer Property Protection Advances of $173,465 should be expunged since it is lacking in substantiation, does not represent actual compensatory damages not due and based upon such other grounds as may be set forth at the hearings with respect to the objection.

## THE LAW

### DEFAULT INTEREST IS NOT CHARGEABLE HERE

8.    A reinstatement of Debt under a cure plan under § 1124 of the Bankruptcy Code would eliminate all default-based charges since the Debtor returns to a predefault condition. In re: Taddeo 685 F2d 24 (2nd Cir. 1982). Accordingly, most New York Courts have held that ordinary

interest, and not default interest, is payable under a reinstatement plan. In re: Forest Hills Associates, 40 BR 410 (Bkrtcy S.D. N.Y. 1984). It has been held that default interest would not be paid where there is a debt reinstatement plan on file with the Court, but the Debtor may be required to pay interest on past due interest. In re: Manville Forest Products Corp., 60 BR 403 (Bkrtcy S.D.N.Y. 1986). One Court directed that a market rate of interest be charged for the overdue contract non-default interest rate. Matter of Arlington Village Partners, Ltd 66 BR 308 (Bkrtcy S.D. Ohio 1986). Default interest is not chargeable where the plan reinstates a loan which has not expired by its terms. See In re: Liberty Warehouse Associates Ltd. Partnership, 220 BR 546 (Bkrtcy S.D.N.Y. 1998).

9.    Certain Courts have permitted default interest where the Debtor is solvent and can pay, in full, all creditors. 139-141 Owner's Corp., 313 BR 364 (Bkrtcy S.D.N.Y. 2004) (holding default interest appropriate under the facts of that case where the entire Chapter 11 case was filed for the purpose of avoiding the default interest). 139-141 cited a pre Code Second Circuit decision Ruskin v. Griffiths, 269 F2d 827 (2d Cir. 1959) to support its position that default interest is payable when the Debtor is solvent. Yet, in Taddeo, the Second Circuit clearly described the meaning and effect of a cure, in which it logically follows that the Code preluded the payment of default interest. Here, the facts are totally different in any event, where the Secured Creditor contends that the Debtor is insolvent.

10.    Moreover, it has been held generally throughout the United States that default interest is not payable to an over secured creditor where the Chapter 11 Debtor has cured the default under Chapter 11 claim which returns the position to status quo In re: Udhus 218 BR 513 (9th Cir. 1998). There is a presumption in favor of contract rate interest, subject to rebuttal based on equitable considerations. Matter of Terry Ltd. Partnership, 27 F3d 241 (7th Cir. 1994). Interest is not paid at a post default rate where the original maturity date is reinstated and default cured under the reorganization plan. In re: Southeast Co., 868 F2d 335 (9th Cir. 1989). A reinstatement avoids all the consequences of that default including the default interest rate. In re: Entz-White Lumber & Supply Inc., 850 F2d 1338 (9th Cir. 1988).

3

11.    Other Courts have generally ruled that non-default interest should be charged. Default interest is not allowed particularly where the contract interest rate is shown to be the prevailing market rate and where the savings do not flow through to the shareholders. In re: W. S. Sheppley & Co., 62 BR 271 (Bkrtcy N.D. Iowa 1986).

12.    To enforce default interest, under a prepetition contract outside the context of a cure and maintenance plan, an over secured creditor must demonstrate the reasonableness of the compensatory nature of the default rate. In re: Zamani, 390 BR 680 (Bkrtcy N.D. Calif. 2008). There must be some showing that the default rate is equivalent to the creditor's actual loss. In re: Hassan Imports Partnership, 250 BR 916 (9th Cir. 2000). Similarly, it has been held that a predefault rate will be charged where there is no showing that the default rate has any relationship to the alleged losses. In re: DWS Investments Inc., 121 BR 845 (Bkrtcy CD Calif. 1990).

13.    Thus, the overwhelming law and the equities here favor the fixing of contract rate of interest on the claim in a reinstatement plan circumstance.        ,

.

## PREPAYMENT PENALTY OR
## YIELD MAINTENANCE IS NOT PAYABLE

14.    A secured creditor is not entitled to a prepayment penalty in excess of $300,000 where is no showing of reasonableness or cost to the secured creditor, and therefore such creditor would only receive the predefault contract rate of interest. In re: Planvest Equity Income Partners IV, 94 BR 644 (Bkrtcy D. Arizona 1988).

## FEES AND COSTS MUST BE PROVEN

15.    Fees and other collection charges are not recoverable particularly where the secured creditor cannot establish that it incurred actual costs and expenses beyond its normal operating costs attributable to the loan. In re: Brunswick Apartments of Trunball County Ltd., 215 BR 520 (6th Cir. BAP 1998).

## SERVICE AND NOTICE

16.    The within Application, with exhibits shall be served upon the attorney for the Creditor who has been actively involved in this case, and the Office of the United States Trustee. Such notice of the Debtor's objections constitutes under the circumstances due and sufficient notice and complies with Bankruptcy Rules 3007(b) and (d).

WHEREFORE, it is respectfully requested that the Court enter an Order disallowing the claim of BOA as set forth above and granting such other and further relief as is proper.


Dated: New York, New York
       August 12, 2009

                                        SOUTH SIDE HOUSE, LLC.
                                        Debtor-in-Possession


                                        By:___s/Leo Fox_____
                                               Leo Fox ( LF-1947)
                                        Attorney for Debtor-In-Possession
                                        630 Third Avenue
                                        New York, New York 10017
                                        (212) 867-9595



H:\Reception_mydocs\SouthSide\Objections to Claims 8.12.09.wpd

B 10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT  EASTERN    DISTRICT OF  NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>**South Side House LLC** | Case Number<br>**1-09-43576 (ESS)** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Bank of America, as Trustee* | □ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>Joseph Lubertazzi, Jr.<br>McCarter & English, LLP<br>245 Park Avenue, 27th Floor<br>New York, NY 10167<br>Telephone number:   (212) 609-6800 | □ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>□ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor:   0123 | Check here  □ replaces<br>if this claim  □ amends    a previously filed claim, dated:_____ | |

| 1. Basis for Claim | | |
|---|---|---|
| □ Goods sold | □ Personal injury/wrongful death | □ Wages, salaries, and compensation (fill out below) |
| □ Services performed | □ Taxes | Last four digits of your SS #:____ |
| | □ Retiree benefits as defined in 11 U.S.C. § 1114(a) | Unpaid compensation for services performed |
| ✔ Money loaned | □ Other_____ | From _____ to _____<br>(date)           (date) |

| 2. Date debt was incurred:  04/19/2007 | 3. If court judgment, date obtained: |
|---|---|

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed.
   See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

□ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

□ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority  $_____

Specify the priority of the claim:

□ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

□ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
✔ Real Estate       ☒ Other  See attached
□ Motor Vehicle

Value of Collateral:  $_____ unknown

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____ 36,833,639.68

□ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

□ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: | $_____ 36,833,639.68 | _____ | 36,833,639.68 |
|---|---|---|---|
| | (unsecured)      (secured) | (priority) | (total) |

✔ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 6. Credits:  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

7. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>06/17/2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>McCarter & English, LLP, Attorneys for Bank of America, as Trustee<br>By: /s Joseph Lubertazzi, Jr., A Member of the Firm |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*BANK OF AMERICA, SUCCESSOR IN INTEREST TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2007-LDP11 COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-LDP11



B 10 (Official Form 10) (10/05)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## ——— DEFINITIONS ———

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Classification of Claim:**
   Secured Claim:
   Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was

filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

   Unsecured Priority Claim:
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

   Unsecured Nonpriority Claim:
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above.) If a claim is partly priority and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

5. **Total Amount of Claim at Time Case Filed:**
   Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

6. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 09-43576-ESS |
| | Chapter 11 |
| SOUTH SIDE HOUSE LLC, | |
| Debtor. | |

---

## ATTACHMENT TO PROOF OF CLAIM OF BANK OF AMERICA, AS TRUSTEE

---

1.      The undersigned are attorneys for Bank of America, successor in interest to

LaSalle Bank National Association, as Trustee for the registered holders of J.P. Morgan Chase

Commercial Mortgage Securities Trust 2007-LDP11 Commercial Mortgage Pass-Through

Certificates, Series 2007-LDP11 (the "Lender").

2.      The address of the undersigned to which all notices should be mailed is as

follows:

> Joseph Lubertazzi, Jr.
> McCarter & English, LLP
> 245 Park Avenue, 27th Floor
> New York, NY 10167
> Phone: (212) 609-6800
> Fax: (212) 609-6921
> jlubertazzi@mccarter.com

3.      The Lender is the current holder of the claims set forth herein.

4.      The Debtor executed a Consolidated, Amended and Restated Promissory Note

dated April 19, 2007, in favor of UBS Real Estate Securities Inc. ("UBS") in the consolidated

and restated amount of $29,000,000 (the "Note"), with interest accruing thereon at 5.575% per annum. A true and correct copy of the Note is attached hereto as Exhibit A.

5.     To secure sums due under the Note, and all other obligations of the Debtor to UBS, the Debtor executed a Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement dated April 19, 2007, in favor of UBS (the "Mortgage and Assignment of Rents"), which was duly recorded on April 26, 2007, with the Register of the City of New York, City Register File Number 2007000218514.   A true and correct copy of the Mortgage and Assignment of Rents is attached hereto as Exhibit B.   (The Note, Mortgage and Assignment of Rents, and all documents executed in connection therewith shall be referred to collectively as the "Loan Documents.")

6.     The Mortgage and Assignment of Rents covers certain property commonly known as 98-106 South 4th Street (a/k/a "Rocket Lofts"), located in the City of Brooklyn, County of Kings and State of New York, and more fully described in Exhibit B hereto (the "Property").   By virtue of the Mortgage and Assignment of Rents, UBS obtained a lien on the Property and an interest in the rents generated by the Property.

7.     The Mortgage and Assignment of Rents includes a security agreement in which the Debtor created and granted to UBS a security interest (the "Security Interest") in, among things and without limitation, all machinery, equipment, fixtures, and other property of every kind and nature whatsoever owned by Debtor, whether at that time or thereafter, and located on the Property.

8.     The Security Interest was perfected by the filing of a UCC-1 Financing Statement on May 4, 2007, with the Register of the City of New York, City Register File Number 2007000234231, a true and correct copy of which is attached hereto as Exhibit C; and was

2

MEI 8532848v.1

amended by the filing of a UCC-3 Financing Statement Amendment on April 8, 2008, with the

Register of the City of New York, City Register File Number 2008000139079, a true and correct

copy of which is attached hereto as Exhibit D.

9.      The Security Interest was also perfected by the filing of a UCC-1 Financing

Statement on April 27, 2007, with the New York Department of State, filing number

200704270337457, a true and correct copy of which is attached hereto as Exhibit E; and was

amended by the filing of a UCC-3 Financing Statement Amendment on January 31, 2008, with

the New York Department of State, filing number 200801318041338, a true and correct copy of

which is attached hereto as Exhibit F.

10.     UBS executed an Assignment of Mortgage dated May 1, 2007, in favor of LaSalle

Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase

Commercial Mortgage Securities Trust 2007-LDP11, Commercial Mortgage Pass-Through

Certificates, Series 2007-LDP11 (the "Original Lender"), whereby UBS assigned to the Original

Lender, among other things, all of its right, title, and interest of any kinds whatsoever in and to

the Mortgage and Assignment of Rents (the "Assignment of the Mortgage and Assignment of

Rents").  The Assignment of the Mortgage and Assignment of Rents was duly recorded on April

8, 2008, with the Register of the City of New York, City Register File Number 2008000139078,

a true and correct copy of which is attached hereto as Exhibit G.

11.     UBS also executed an Allonge (the "Allonge"), whereby UBS endorsed the Note

over to the Original Lender.  A true and correct copy of the Allonge is attached hereto as

Exhibit H.

12.     The Lender is the successor by merger to the Original Lender and presently holds

the Loan Documents.

3

13.    On April 30, 2009 (the "Petition Date"), South Side House LLC (the "Debtor")

filed in this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

14.    The Debtor's indebtedness to the Lender under the Loan Documents as of the

Petition Date was at least $36,833,639.68, calculated as follows:

**Amounts Owed**

| | | |
|---|---|---:|
| Principal balance | $ | 29,000,000.00 |
| Accrued interest from October 10, 2008 through April 30, 2009 | $ | 911,667.36 |
| Accrued default interest from November 11, 2008 through April 30, 2009 | $ | 688,750.00 |
| Prepayment Consideration | $ | 5,954,395.26 |
| Special Servicer Property Protection Advances (see Schedule A) | $ | 173,465.03 |
| Master Servicer Property Protection Advances | $ | 1,120.74 |
| Special Servicer Fee | $ | 290,000.00 |

**Less Credits**

| | | |
|---|---|---:|
| Tax Escrow Balance | $ | (6,097.31) |
| Insurance Escrow Balance | $ | (3,694.47) |
| Suspense Escrow Balance | $ | (175,966.93) |
| **TOTAL** | **$** | **36,833,639.68** |

15.    Other sums, including, but not limited to, late fees and attorneys' fees and costs

are due under the Loan Documents.  Interest is accruing as set forth in the Loan Documents.  To

the extent permitted by 11 U.S.C. §506, the Lender is entitled to recovery of such sums.  In

addition, the Lender reserves the right to claim that the Debtor is liable to pay for additional

property protection advances.  Payments made subsequent to the date of the bankruptcy petition

will result in a credit to the Debtor.

4

16.     To the extent that the value of the Property is less than the amount of the Lender's

claim, it is an unsecured claim.

17.     This claim is not subject to setoff or counterclaim.

18.     The Lender hereby reserves its right to amend this Proof of Claim for purposes of

amending amounts due or re-classifying the character of the claim (e.g., over-secured, under-

secured, priority, etc.).

Dated: June 17, 2009                          McCARTER & ENGLISH, LLP
                                              Attorneys for Bank of America, successor in
                                              interest to LaSalle Bank National
                                              Association, as Trustee for the registered
                                              holders of J.P. Morgan Chase Commercial
                                              Mortgage Securities Trust 2007-LDP11
                                              Commercial Mortgage Pass-Through
                                              Certificates, Series 2007-LDP11


                                     By:   /s Joseph Lubertazzi, Jr.
                                           Joseph Lubertazzi, Jr. (JL-3798)
                                           A Member of the Firm

                                           245 Park Avenue, 27th Floor
                                           New York, NY 10167
                                           Phone: (212) 609-6800
                                           Fax: (212) 609-6921

                                           -AND-

                                           Four Gateway Center
                                           100 Mulberry Street
                                           Newark, NJ 07102
                                           Phone: (973) 622-4444
                                           Fax: (973) 624-7070

MEI 8532848v.1

## SCHEDULE A

## SPECIAL SERVICER PROPERTY PROTECTION ADVANCES

Legal Fees ............................................................................ $    53,262.28

Property Insurance .............................................................. $   116,702.75

Environmental Report........................................................... $     3,500.00

**TOTAL** ............................................................................. $   **173,465.03**

MEI 8532848v.1

# EXHIBIT A