## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                            :         Chapter 11
                                                                 :
SOUTH SIDE HOUSE LLC,                                            :         Case No. 09-43576 (ESS)
                                                                 :
                    Debtor.                                      :
                                                                 :
-----------------------------------------------------------------X

**ORDER (A) PURSUANT TO 11 U.S.C. § 363(B) OF THE BANKRUPTCY CODE AUTHORIZING CHAPTER 11 TRUSTEE TO ENTER INTO A MANAGEMENT AGREEMENT WITH PRC MANAGEMENT CORP. EFFECTIVE AS OF JANUARY 27, 2014; AND (B) PURSUANT TO § 365(A) OF THE BANKRUPTCY CODE REJECTING ANY MANAGEMENT OR OTHER SIMILAR AGREEMENT WITH SOUTH SIDE ASSOCIATES EFFECTIVE AS OF JANUARY 27, 2014**

Upon the motion (the "**Motion**") of Jonathan L. Flaxer, as the chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of South Side House LLC (the "**Debtor**"), by and through his counsel, for the issuance and entry of an order, (a) pursuant to § 363(b) of chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") authorizing the Trustee to enter into a management agreement (the "**Management Agreement**") with PRC Management Corp. ("**PRC**") for management of the property located at 98-116 South Fourth Street, Brooklyn, New York 11249 (the "**Property**"), and (b) pursuant to §365(a) of the Bankruptcy Code rejecting any management agreement that may exist between South Side Associates ("**SSA**") and the Debtor, in both cases effective as of the date of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Estate, its creditors, and other parties in interest; and it appearing that the Trustee provided adequate and appropriate notice of the Motion under the circumstances; and the Court

1929379.3

having held a hearing to consider the requested relief (the "**Hearing**"); and upon the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that any objections that have not been withdrawn, waived, settled or specifically addressed in this Order, and all such reservations of rights in any such objections, are overruled in all respects on the merits and denied; and it is further

**ORDERED**, that the Trustee be, and hereby is, authorized to enter into the Management Agreement attached hereto as **Exhibit 1**[1] with PRC to be effective as of January 27, 2014 as property manager for the Property; and it is further

**ORDERED**, that PRC is authorized to settle disputes with tenants at the Property without further order of this Court if the dispute concerns an amount less than $2,000; and it is further

**ORDERED**, that the Trustee is authorized to pay PRC's fees owed pursuant to the Management Agreement from the cash collateral of German American Credit Corporation ("**GACC**") or any subsequent holder of the senior mortgage; and it is further

**ORDERED**, that any and all contracts and agreements (a "**Contract**") between the Debtor and SSA are deemed rejected as of the date of the Motion; and it is further

**ORDERED**, that the Trustee does not waive any claims that the Estate may have against SSA, whether or not such claims are related to the rejection of a Contract; and it is further

**ORDERED**, that SSA shall be required to file a rejection damages claim, if any, relating to the rejection of a Contract by the first business day that is thirty (30) days after the date of entry of this Order (the "**Rejection Damages Bar Date**"); and it is further

---

[1] **Exhibit 1** shall be the same as **Exhibit B** to the Motion.

1929379.3

**ORDERED**, that if SSA fails to timely and properly file a rejection damage claim by the Rejection Damages Bar Date, such party shall be forever barred from asserting a rejection damage claim against the Debtor and the Estate; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary to effectuate the Management Agreement and the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine any matter or disputes arising from or relating to this Order or the matters addressed in the Application.